IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

v.                                              Case No. CR 08-1980 WJ

SARAH SUSANNA OCHOA,

    Defendant.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR DISMISSAL FOR INSUFFICIENCY OF NOTICE UNDER THE SIXTH AMENDMENT OR, IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS**

THIS MATTER comes before the Court on Defendant Ochoa's Motion for Dismissal for Insufficiency of Notice Under the Sixth Amendment or, in the Alternative, for a Bill of Particulars [Doc. 68], filed March 13, 2009. Having considered the parties' briefs and the applicable law, the Court finds that there is no need to wait for Defendant to file a Rely brief, nor is there any need for a hearing as there is no merit to Defendant's Motion. Accordingly, the Motion shall be DENIED for the reasons herein stated.

BACKGROUND

On August 19, 2008, a Grand Jury handed down a two-count indictment ("the Indictment") against Defendant Ochoa, charging her with Interference with Commerce by Threats or Violence, in violation of 18 U.S.C. § 1951, and with Kidnapping, in violation of 18 U.S.C. § 1201(a)(1). Defendant asserts that the Indictment does not allow her to understand the charges against her or provide her with an adequate opportunity to defend herself against them. Defendant therefore requests that the charges against her be dismissed for insufficient notice or,

in the alternative, that this Court order the Government to provide a bill of particulars which describes the charges against Ms. Ochoa in more detail.

DISCUSSION

Federal Rule of Criminal Procedure 7(c) states that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." For each count, an indictment must also give the official or customary citation of the statute that the defendant is alleged to have violated. Id. An indictment is sufficient if it: (1) contains the elements of the charged offense and fairly informs a defendant of the charge against which he must defend; and (2) enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Bedonie, 913 F.2d 782, 790 (10th Cir. 1990). Tracking the language of the statute is generally sufficient as long as the indictment sets forth the elements of the offense and provides a statement of facts that informs the defendant of the specific offense. See Hamling, 418 U.S. at 117-18; United States v. Dunn, 841 F.2d 1026, 1029 (10th Cir. 1988). An indictment need not allege in detail the factual proof that the government will rely on to support the charges. See United States v. Ivy, 83 F.3d 1266, 1281 (10th Cir. 1996) ("[T]he defendant is not entitled to know all the evidence the government intends to produce at trial, but only the theory of the government's case.") (quoting United States v. Levine, 983 F.2d 165, 167 (10th Cir. 1992)); Dunn, 841 F.2d at 1030.

Where an indictment does not provide a defendant with sufficient notice, Federal Rule of Criminal Procedure 7(f) gives courts discretion to order the Government to file a bill of particulars. "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial,

and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." Dunn, 841 F.2d at 1029. Courts have "very broad discretion in ruling upon requests" for bills of particulars, Will v. United States, 389 U.S. 90, 99 (1967), however, relevant case law establishes certain guidelines for determining when a bill of particulars is appropriate. A bill of particulars is not a discovery device, id., and "[a] bill of particulars may not be used to compel the Government to disclose evidentiary details or the legal theories upon which it intends to rely at trial." United States v. Gabriel, 715 F.2d 1447, 1449 (10th Cir. 1983). See also United States v. Barbieri, 614 F.2d 715, 719 (10th Cir. 1980) ("It is not the function of a bill of particulars to disclose in detail the evidence on which the Government will rely at trial.") (internal quotations and citations omitted). Where an indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial, a bill of particulars is not warranted. See Levine, 983 F.2d at 167.

In this case, the Indictment sets forth the elements of each offense allegedly committed by Ms. Ochoa, and also specifically identifies each federal statute allegedly violated by her.[1] The Indictment further states the exact date and location of the alleged offenses, and identifies the victim of the alleged offenses. The basic notice-giving requirements for an indictment, as set out by the Supreme Court of the United States and the Tenth Circuit, have therefore been met in this

---

[1] Defendant's assertion that the basis for federal jurisdiction in this case is unclear is puzzling to the Court. Defendant's motion intimates (but does not explicitly state) that the Indictment fails to specify whether the "commerce" referred to in Count I was interstate or intrastate, and that the propriety of federal jurisdiction is unclear for this reason. However, the statute under which Defendant is charged in Count I specifically defines "commerce" as:
> [C]ommerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction.

18 U.S.C. § 1951(b)(3). It seems safe to assume the Government intends to prove that Defendant interfered with "commerce" that fits this definition, and that jurisdiction is proper in the federal courts.

case, and the charges will not be dismissed for insufficiency of notice. A bill of particulars is also not warranted in this case. The Indictment by itself is specific enough to make a bill of particulars unnecessary. Moreover, the Government represents that it has provided Defendant with more than a thousand pieces of discovery. The Government also allowed Defendant's attorneys to view and photograph each piece of evidence in the Government's possession. The potential for unfair surprise or double jeopardy therefore seems negligible in this case, and the self-professed inability of Defendant's counsel to understand how the crime of robbery differs from the crime of kidnapping seems unlikely to be remedied by a bill of particulars.

## CONCLUSION

The Indictment in this case provides Defendant Ochoa with fair notice of the charges against her and an adequate opportunity to defend against them. Neither dismissal of the charges for inadequate notice, nor a bill of particulars is warranted.

THEREFORE, IT IS ORDERED that Defendant's Motion for Dismissal for Insufficient Notice or, in the Alternative, for a Bill of Particulars is hereby DENIED.

IT IS FURTHER ORDERED that the Hearing on the instant motion scheduled for April 17, 2009 at 9:00 a.m. in Albuquerque is hereby VACATED.

IT IS FURTHER ORDERED that Defendant's Motion for Extension of Time to File a Reply to the United States' Response to the instant Motion [Doc. 71], filed on April 9, 2009, is hereby DENIED as MOOT.

UNITED STATES DISTRICT JUDGE