**FILED**

UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT ALBUQUERQUE. NEW MEXICO

FOR THE DISTRICT OF NEW MEXICO

DEC 1 1 2009

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **MATTHEW J. DYKMAN** |
| | ) | |
| Plaintiff, | ) | No. CR-08-1980 WJ CLERK |
| | ) | |
| vs. | ) | |
| | ) | |
| **SARAH SUSANNA OCHOA,** | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following

agreement between the United States Attorney for the District of New Mexico, the

Defendant, **SARAH SUSANNA OCHOA**, and the Defendant's counsel, Carolyn Nichols:

## REPRESENTATION BY COUNSEL

1.      The Defendant understands the Defendant's right to be represented by an

attorney and is so represented.  The Defendant has thoroughly reviewed all aspects of

this case with the Defendant's attorney and is fully satisfied with that attorney's legal

representation.

## RIGHTS OF THE DEFENDANT

2.      The Defendant further understands the Defendant's rights:

a.      to plead not guilty, or having already so pleaded, to persist in that
plea;

b.      to have a trial by jury; and

c.      at a trial:
(1)      to confront and cross-examine adverse witnesses,

(2)    to be protected from compelled self-incrimination,

(3)    to testify and present evidence on the Defendant's own behalf, and

(4)    to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.    The Defendant agrees to waive these rights and to plead guilty to Count 2 of the Superceding Indictment, that being Kidnapping (Use of Facility by Offender), in violation of 18 U.S.C. § 1201(a)(1).

## SENTENCING

4.    The Defendant understands that the minimum and maximum penalty the Court can impose is:

a.    any term of years, up to life imprisonment;

b.    a fine not to exceed $250,000;

c.    a mandatory term of supervised release of not more than five (5) years that must follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked -- even on the last day of the term -- and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

d.    a mandatory special penalty assessment of $100.00; and

e.    restitution as may be ordered by the Court for all counts charged in the Superceding Indictment (including Count 1, Hobbs Act violation), which includes, but is not limited to, victims Ms. Marilyn Foss and her loss of employee wages and medical bills, and Los Alamos National Bank, 301 Griffin Street, Santa Fe, New Mexico.

5.    The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

6.    It is expressly understood and agreed by and between the defendant and

2

the United States that:

a.      The United States has made, and will make, an AGREEMENT pursuant to Rule 11(c)(1)(C), Fed.R.Crim.P., that a specific sentence or sentencing the defendant to 96 months (8 years) imprisonment, is the appropriate disposition of this case.  Also, the defendant will be ordered at the time of sentencing by the Court to a term of supervised release of not more than 5 years, a mandatory special penalty assessment of $100.00, and restitution as may be ordered by the Court for all counts charged in the Superceding Indictment (including Count 1, Hobbs Act violation), which includes, but is not limited to, victims Ms. Marilyn Foss and her loss of employee wages and medical bills, and Los Alamos National Bank, 301 Griffin Street, Santa Fe, New Mexico.  In addition, the Court may impose a fine not to exceed $250,000.00.

b.      If the Court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(C), the agreed disposition will be included in the judgment and the request binds the Court once the Court accepts the plea agreement.

c.      If the Court rejects a plea agreement containing provision of the type specified in Rule 11(c)(1)(C), the Court must do the following on record and in open court (or, for good cause, in camera):

(1)      Inform the parties that the Court rejects the plea agreement;

(2)      Advise the defendant personally that the Court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and

(3)     Advise the defendant personally that if the plea is not withdrawn, the Court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.

7.      The parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A.   The Defendant agrees and acknowledges that, as part of the Defendant's sentence, the Court is not limited to ordering restitution only for the amount involved in the particular offense or offenses to which the Defendant is entering a plea of guilty, but may order restitution resulting from all of the Defendant's criminal conduct related to this case.

8.      The United States reserves the right to make known to the United States Pretrial Services and Probation Office and to the Court, for inclusion in the presentence report to be prepared under Federal Rule of Criminal Procedure 32 any information the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under U.S.S.G. § 1B1.3.

**DEFENDANT'S ADMISSION OF FACTS**

9.      The defendant admits that the following facts are true and correct:

a.      By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense to which I am pleading guilty.  I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense to which I am pleading guilty beyond a reasonable doubt.  I specifically

4

admit the following facts related to the charges against me, and declare under penalty

of perjury that all of these facts are true and correct.

b.      I admit that on or about December 3, 2007,  in Santa Fe County, in

the District of New Mexico, I, Sarah Susanna Ochoa, did willfully and unlawfully kidnap,

abduct, seize, confine, inveigle, decoy and carry away, Marilyn Foss, and held her for

ransom, reward, and other reason and benefit, and did use a means, facility, and

instrumentality of interstate and foreign commerce, those being electronic mail and

cellular telephone(s) in committing and in furtherance of the commission of the offense,

all acts in violation of 18 U.S.C. § 1201.

c.      On November 29, 2007, I created an email account, namely

nramien@gmail.com, at the Rio Rancho, New Mexico Public Library, and sent various

emails to real estate agents, including victim, Ms. Marilyn Foss ("Foss").  I also made

phone calls, both cellular and land line, to real estate agents, including victim, Foss.  I

pretended to be a Lebanese woman, residing in Lebanon, visiting the United States,

wanting to purchase a house in the outskirts of Santa Fe, New Mexico, for "my

daughter."  I informed Foss that I wanted to make an appointment with her on December

3, 2007 to have her show me houses.  On that day, I had Foss meet and pick me up at

the Santa Fe, New Mexico Public Library.  I told her I would be wearing a lavender

"burqa."  The "burqa" was a piece of cloth I bought from Walmart that I draped around

my face to hide my identity.  During the viewing of the second house at 38 Calle San

Martin, Santa Fe, New Mexico, I assaulted Foss and threatened her with a bomb and

what Foss believed to be a firearm.  I threatened Foss and told her to give me

$500,000.00.  I unlawfully kidnapped and carried away Foss, by ordering her to drive to

her bank, the Los Alamos National Bank, with me, against her will. I forced her to withdrew all the money she had in her bank account, which was $8,000.00 cash. I told her to ask for 20 and 100 dollar denominations. After I received the cash, I fled from the bank.

10.   By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime to which the Defendant will plead guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

11.   The United States and the Defendant stipulate as follows:

a.   The Defendant recognizes that this plea agreement has already conferred a benefit on the Defendant. Consequently, in return for the benefit conferred on the Defendant by entering into this agreement, the Defendant agrees not to seek a downward departure or variance from the applicable sentencing guideline range as determined by the Court after the Court resolves any objections by either party to the presentence report. In other words, the Defendant agrees that a sentence within the applicable guideline range is a reasonable sentence. If the Defendant, in violation of this paragraph, should nevertheless seek a downward departure or variance, including a departure or variance from the guideline Criminal History Category, the United States shall have the right to treat this plea agreement as null and void and to proceed to trial on all charges before the Court.

6

b.     Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

c.     The Defendant agrees to pay full restitution to all counts charged against her in the Superceding Indictment (including the Hobbs Act violation) resulting from all of the Defendant's criminal conduct related to this case to all her victims.

12.     The Defendant understands that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report.  Further, the Defendant understands that the Court may choose to accept or reject this Fed.R.Crim.P. 11(c)(1)(C) plea agreement.

## DEFENDANT'S ADDITIONAL OBLIGATIONS

13.     The Defendant understands the Defendant's obligation to provide the United States Probation Office with truthful, accurate, and complete information.  The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

7

14.     If requested to do so by the United States Attorney's Office, the Defendant will submit a personal financial statement under oath and/or submit to interviews by the United States Attorney's Office regarding the Defendant's capacity to satisfy any fines and/or restitution.

## WAIVER OF APPEAL

15.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a Defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any order of restitution, within the statutory maximum authorized by law and imposed in conformity with this plea agreement.  In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) pursuant to 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

## GOVERNMENT'S AGREEMENT

16.     Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

a.     The United States agrees that it will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present  indictment.

b.     The United States will move to dismiss Count 1 of the Superceding Indictment at the time of defendant's sentencing.

17.     This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

18.     The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement).  The Defendant represents that the Defendant is pleading guilty because the Defendant is in fact guilty, and for no other reason.

## VIOLATION OF PLEA AGREEMENT

19.     The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

20.     At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico  87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $100.00  in payment of the special penalty assessment described above.

9

## ENTIRETY OF AGREEMENT

21.    This document is a complete statement of the agreement in this case and

may not be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this 11th day of December, 2009.

GREGORY J. FOURATT
United States Attorney


LYNN W.Y. WANG
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico  87102
(505) 346-7274


I have read this agreement and carefully reviewed every part of it with my attorney.  I
understand the agreement and voluntarily sign it.

SARAH SUSANNA OCHOA
Defendant


Carolyn Nichols, Esq.
Attorney for Defendant


10