IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
                    **Plaintiff,**

v.                                                      No. 08-1980 WJ          `

SARAH S. OCHOA,
                    **Defendant.**

**DEFENDANT'S RESPONSE IN OPPOSITION TO GOVERNMENT'S
MOTION TO STRIKE DEFENDANT'S SENTENCING MEMORANDUM
AND IN THE ALTERNATIVE MOTION TO EXTEND TIME
FOR FILING RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM
AND TO CONTINUE SENTENCING**

COMES NOW Respondent Sarah S. Ochoa, by and through her attorney Carolyn M. "Cammie" Nichols, and the law firm of Rothstein, Donatelli, Hughes, Dahlstrom, Schoenburg & Bienvenu, LLP, and respectfully petitions this Court to deny the Government's motion to strike Defendant's sentencing memorandum, and to deny the Government's motion to vacate the sentencing hearing currently set for April 22, 2010.

As grounds, counsel states:

1.      Defendant Ochoa's sentencing is scheduled for April 22, 2010.

2.      Defendant's Presentence Report was disclosed by United States Probation Officer John M. Lovato on March 25, 2010.  Defendant submitted a handful of informal objections to this Report and, upon receiving Officer Lovato's responses, chose not to submit any formal objections in this matter.  Had Defendant chosen to submit formal objections, they would have been due within twenty-one (21) days of the date

of disclosure of the Presentence Report (April 15, 2010), under Local Rule 32.C.[1]

3.      On April 19, 2010, Defendant submitted a Sentencing Memorandum in order to supplement the information in the Presentence Report and fully inform the Court of the circumstances of this case.

4.      The Sentencing Memorandum contains no objections, unresolved or otherwise, to the Presentence Report.  Nor does the Sentencing Memorandum contain a motion for departure.  Therefore, the time limits set forth in Local Rule 32.C do not apply to Defendant's Memorandum.  Accordingly, the Government's motion to strike is groundless.

5.      Additionally, because the Sentencing Memorandum contains no objections to the Presentence Report, Defendant is at a loss as to what issues the Government could possibly have to research in order to fully inform the Court. The Defendant has not raised any disputed issues of fact or law.  The plea agreement in this case is governed by Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  In accordance with this Rule, the Government has agreed that the Defendant's recommended sentence "is the appropriate disposition of the case," Fed. R. Crim. P., Rule 11(c)(1)(C), the Court has accepted the plea, and, therefore, the sentence in this matter is binding.

---

[1] Local Rule 32.C provides:

An unresolved objection regarding sentencing or motion for departure must be filed with the Court before sentencing.  These pleadings must be filed within twenty-one (21) days of the date of disclosure of the presentence report. A responsive pleading must be filed as soon as possible but not more than seven (7) days after service of the pleading regarding sentencing.  All sentencing pleadings must be served on opposing counsel and the Probation Office.  The Court may alter these time limits for good cause shown.

The only issue raised by the Memorandum is a request for a recommended placement within the Bureau of Prisons, made after consultation with the client, which the BOP may honor or choose to ignore.

6. If the Court decides that Local Rule 32.C applies to Defendant's Sentencing Memorandum, the Rule specifically states that any "responsive pleading *must be filed as soon as possible* but not more than seven (7) days after service of the pleading regarding sentencing."   As the Government has noted, it will have a full three days to submit any response it wishes to make.   Additionally, the time limits are discretionary, and "[t]he Court may alter these time limits for good cause shown."

7. The Government also requests, in the alternative to an order to strike, that this Court vacate the sentencing hearing and reschedule for sometime after the trial of Mario Ochoa-Olivas.   Defendant Ochoa strenuously objects to any rescheduling of the sentencing hearing.

8. The magnitude of this hearing in the lives of Defendant and her family cannot be understated. Acknowledging the seriousness of this occasion, Defendant's mother, father, sister, and niece have all made travel arrangements from California to attend sentencing.   These travel plans were made after making the appropriate accommodations at work and after arranging for the care of their homes and personal effects.   These plans  cannot be easily or inexpensively rescheduled and should not be disrupted by vacating the hearing date.

WHEREFORE, for the reasons stated above, the Defendant requests that the Court deny the Government's motion to strike and the Government's motion to vacate the April 22 sentencing hearing.

Respectfully submitted,

ROTHSTEIN, DONATELLI, HUGHES,
DAHLSTROM, SCHOENBURG & BIENVENU, LLP


By:_____/s/_____
Carolyn M. "Cammie" Nichols
500 4th Street NW, Suite 400
Albuquerque, New Mexico 87102
(505) 243-1443

*Attorney for Defendant Sarah S. Ochoa*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of April, 2010, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Lynn Wei-Yu Wang
*lynn.wang@usdoj.gov*

_____/s/_____
Carolyn M. "Cammie" Nichols
ROTHSTEIN, DONATELLI, HUGHES,
DAHLSTROM, SCHOENBURG & BIENVENU, LLP