**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                             No. CV 12-0653 WJ/LFG
                                                                       CR 08-1980 WJ

SARAH OCHOA,

      Defendant.

MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 2255 R.4, on Defendant's motion to vacate, set aside, or correct sentence (CV Doc. 1; CR Doc. 153).

      On May 7, 2010, the Court entered judgment (CR Doc. 145) on Defendant's conviction. Defendant did not appeal the conviction or sentence, and thus her conviction became final in late May, 2010, when her time to appeal expired. *See United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006); *and see United States v. Sandoval*, 371 F. App'x 945, 948 n.2 (10th Cir. 2010) ("2009 Amendments to the Federal Rules of Appellate Procedure extended the time to appeal a final judgment in a criminal case from ten to fourteen days"). On June 15, 2012, more than two years after her conviction became final, Defendant filed this § 2255 motion.

      Defendant will be required to show cause why her § 2255 motion should not be dismissed as untimely. *See* § 2255 R. 4(b). The applicable one-year limitation period in § 2255 had expired when Defendant filed her § 2255 motion, *see United States v. Willis*, 202 F.3d 1279, 1280 (10th Cir. 2000), and the motion must be dismissed unless she provides grounds for tolling, *see United States v. Cordova*, No. 99-1306, 1999 WL 1136759, at **1 (10th Cir. Dec 13, 1999). The Court raises the time bar to Defendant's § 2255 motion *sua sponte* and notes that the motion briefly addresses the

tolling question. Defendant will be allowed an opportunity to fully respond to this order. *See Hare v. Ray*, No. 00-6143, 2000 WL 1335428, at **1 (10th Cir. Sept. 15, 2000) (noting that timeliness of § 2254 petition was raised *sua sponte* and allowing response); *Hines v. United States*, 971 F.2d 506, 507-09 (10th Cir. 1992) (same for procedural default in § 2255 proceeding). Failure to respond to this order or otherwise show cause may result in dismissal of the § 2255 motion without further notice. *See* § 2255 R.4.

IT IS THEREFORE ORDERED that, within thirty (30) days from entry of this order, Defendant file a response to this order showing cause, if any, why her § 2255 motion should not be dismissed as untimely.

*Lorenzo F. Garcia*
UNITED STATES MAGISTRATE JUDGE