**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                No. CV 12-0653 WJ/LFG
                                                                CR 08-1980 WJ

SARAH S. OCHOA,

    Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

    This matter is before the Court on Defendant's response (CV Doc. 6; CR Doc. 155) to the Court's Order to Show Cause. The order required Defendant to show cause why her Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence should not be dismissed as untimely. Defendant's response does not show cause to excuse the untimely filing, and the Court will dismiss her § 2255 motion.

    As noted in the show cause order, the Court entered judgment (CR Doc. 145) on Defendant's conviction on May 7, 2010. Defendant did not appeal the conviction or sentence, and thus her conviction became final in late May, 2010, when her time to appeal expired. *See United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006); *United States v. Sandoval*, 371 F. App'x 945, 948 n.2 (10th Cir. 2010). On June 15, 2012, more than two years after her conviction became final, Defendant filed this § 2255 motion.

    In her § 2255 motion and her response to the order to show cause, Defendant asserts that equitable tolling excuses the late filing of her § 2255 motion. "Equitable tolling of the limitations period is available 'when an inmate diligently pursues [her] claims and demonstrates that the failure

to timely file was caused by extraordinary circumstances beyond [her] control.' " *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Defendant alleges that she was never informed of her right to file a § 2255 motion or of the limitation period for a § 2255 motion. She also alleges that she has been extremely traumatized by legal proceedings and incarceration.

Defendant's allegations do not make an adequate showing of diligent pursuit of her claims or extraordinary circumstances. *See Gabaldon*, 522 F.3d at 1124-27 (discussing diligent efforts and extraordinary circumstances); *Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010). In the first place, waiting two years to pursue post-conviction remedies does not indicate diligence, *see Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000); *but cf. Gabaldon*, 522 F.3d at 1124 (alleging facts showing diligence may warrant tolling), and her lack of awareness regarding § 2255 proceedings does not excuse her delays, *see Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (§ 2254 proceeding). Defendant's conclusory allegations of the stress and trauma of legal proceedings and incarceration do not amount to extraordinary circumstances, *cf. Bassett v. Sterling Drug, Inc.*, 578 F. Supp. 1244, 1248 (S.D.Ohio 1984) (stating that equitable tolling for mental problems should be limited to "the objective standard of adjudication or institutionalization"), *quoted with approval in United States v. Penn*, 153 F. App'x 548, 551 (10th Cir. 2005), and do not justify tolling of the limitation period. The Court will dismiss the § 2255 motion.

Furthermore, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines that Defendant has failed to make a substantial showing that she has been denied a constitutional right. The Court will therefore deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (CV Doc. 1; CR Doc. 153) is DISMISSED with prejudice as untimely filed; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE